## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| NICHOLAS W. FULTON, derivatively on behalf of OVASCIENCE, INC., | Civil Action No. _____ |
| Plaintiff, | |
| MICHELLE DIPP, RICHARD ALDRICH, JEFFREY D. CAPELLO, MARY FISHER, JOHN HOWE III, MARC KOZIN, THOMAS MALLEY, and JOHN SEXTON, | **VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT** |
| Defendants, | |
| -and- | |
| OVASCIENCE, INC., a Delaware corporation, | |
| Nominal Defendant. | |

Plaintiff Nicholas W. Fulton ("Fulton" or "Plaintiff"), by and through his undersigned attorneys, brings this Verified Shareholder Derivative Complaint ("Complaint") in the name of and on behalf of Nominal Defendant OvaScience, Inc. ("OvaScience" or the "Company") against certain directors and officers of OvaScience named herein for breaches of fiduciary duty, unjust enrichment, waste of corporate assets, and violations of Section 14(a) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"). Plaintiff alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls, and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding the Company,

legal filings, news reports, securities analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## SUMMARY OF THE ACTION

1.      OvaScience's Board of Directors (the "Board") has adopted a compensation plan which grossly overcompensates the Non-Employee Director Defendants (defined below), in relation to companies of comparable market capitalization, industry, and size (*i.e.*, commonly referred to as "peers").

2.      Moreover, the compensation plan fails to take into account any relevant metrics, such as revenue, profit, and performance, in setting compensation. As a result, the Non-Employee Director Defendants have been, and continue to be paid more than twice the compensation of their peers at similarly-sized, publicly traded companies.

3.      Plaintiff brings this action to recoup the excessive compensation being paid to the Non-Employee Director Defendants, and to impose meaningful corporate governance reforms that will both restrict the Non-Employee Director Defendants' ability to award themselves unreasonably excessive levels compensation and to align the elements of compensation, including grants of fully vested shares of OvaScience common stock and of stock options to purchase shares of OvaScience common stock, with the Company's success and long-term interests.

4.      In addition, because in rejecting Plaintiff's demand in this matter, OvaScience asserted that the valuation metric used in its public filings to value the Company's options "is not an appropriate metric for assessing the adequacy and fairness of compensation awards to non-

employee directors of biotechnology corporations," it has admitted that its public filing contains a material misstatement that the Company's shareholders were and remain unaware of.

5.      Accordingly, Plaintiff seeks injunctive relief requiring the Board of Directors to amend OvaScience's previous public filings so as to advise OvaScience's shareholders of this material information.

## JURISDICTION AND VENUE

6.      Pursuant to 28 U.S.C. § 1331 and section 27 of the Exchange Act, this Court has jurisdiction over the claims asserted herein for violations of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder. This Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because OvaScience is incorporated in this District.

## PARTIES AND OTHER PERSONS

### A.  Plaintiff

8.      Plaintiff Nicholas W. Fulton is, and at all times relevant hereto has been, an owner and holder of OvaScience common stock.

### B.  Nominal Defendant

9.      Nominal Defendant OvaScience, Inc. is a Delaware corporation with its principal executive offices located in Waltham, Massachusetts. OvaScience is a life sciences company that focuses on discovering, developing and commercializing new fertility treatments. The Company was incorporated under the laws of the State of Delaware in April 2011 under the name Ovastem, Inc. and changed its name to OvaScience, Inc. in May 2011. It held its initial public offering ("IPO") in May 2013.

**C.  Director Defendants**

10.    Defendant Michelle Dipp, M.D., Ph.D. ("Dipp") co-founded the Company in April 2011. Dipp has served as a member of the Board since July 2011, Chief Executive Officer from June 2011 until July 2016, President from September 2011 until December 2014 and Executive Chair since January 2016.  Dipp has served as acting President and principal executive officer since December 21, 2016.  She is scheduled to step down as acting President and principal executive officer on September 1, 2017.

11.    Defendant Richard Aldrich ("Aldrich") co-founded the Company in a non-operational role in April 2011. He has served as a member of the Board since July 2011 and served as the Chair of the Board from March 2012 until January 2016. In March 2016, Aldrich was appointed as Independent Lead Director of the Board by the independent directors. Aldrich serves as Chair of the Nominating and Corporate Governance Committee.

12.    Defendant Jeffrey D. Capello ("Capello") has served as a member of the Board since March 2012. Capello serves as Chair of the Audit Committee.

13.    Defendant Mary Fisher ("Fisher") has served as a member of the Board since June 2013. Fisher is a member of the Compensation Committee.

14.    Defendant John Howe, III, M.D. ("Howe") has served as a member of the Board since June 2015. Howe is a member of the Audit Committee, and the Compensation Committee, and has served as Chair of the Audit Committee since June 12, 2017.

15.    Defendant Marc Kozin ("Kozin") has served as a member of the Board since January 2014. Kozin is a member of the Nominating and Corporate Governance Committee and the Audit Committee.

16.    Defendant Thomas Malley ("Malley") served as a member of the Board since

October 2012 until June 12, 2017. Malley served as Chair of the Compensation Committee, and was a member of the Audit Committee.

17.     Defendant John Sexton, Ph.D. ("Sexton") has served as a member of the Board since April 2015.

18.     The defendants identified in paragraphs 8-15 are referred to collectively as the "Director Defendants."

19.     The defendants identified in paragraphs 9-15 are referred to collectively as the "Non-Employee Director Defendants."

## NON-EMPLOYEE DIRECTOR DEFENDANTS AWARD THEMSELVES EXCESSIVE COMPENSATION

20.     In breach of their fiduciary duties, the Non–Employee Director Defendants granted, and continue to grant, themselves excessive compensation. Over the past three reported years, the years ended December 31, 2014, to December 31, 2016, the three full fiscal years since the Company's IPO, the Non-Employee Director Defendants received, on average, per annum, approximately $198,537 in compensation each.[1] For the year ended December 31, 2015 alone, the Non-Employee Director Defendants received, on average, approximately $362,434 in compensation each.

21.     This level of compensation significantly exceeded the median total director compensation of $281,667 for a Fortune 50 company,[2] an average of $277,237 for an S&P 500 company,[3] and the median total director compensation for 2016 of $260,000 for a sample of

---

[1]    Excluded from this average is Kozin's "All Other Compensation" related to consultation services he provides to the Company.

[2]    *See* Meridian Compensation Partners, LLC press release, May 29, 2015, concerning compensation for the year 2014.

[3]    *See* Spencer Stuart's Board Index 2015.

large cap companies.[4]

22.     OvaScience is *not* a Fortune 50 company or a S&P 500 constituent. In fact, OvaSience is a current constituent of the Russell Microcap Index, a micro-cap US equity index.[5]

23.     OvaScience's average annual total director compensation over the past three reported years greatly exceeds the median total director compensation of $113,665 for the years 2014-2016, on average, for companies with a market capitalization of between $50 million and $500 million.[6] As such, the Non-Employee Director Defendants' compensation is unwarranted and grossly excessive in comparison to other companies of similar size.

24.     The Company's director compensation practices and policies have caused the Non-Employee Director Defendants to be compensated in amounts averaging approximately $198,537 per annum each since the IPO, consisting of an annual cash retainer, fully vested shares of OvaScience common stock and stock options to purchase shares of OvaScience common stock plus Chair's and committee membership fees.

25.     In the Company's Schedule 14A, filed April 18, 2016, with the Securities and Exchange Commission, it was revealed that the Board had adopted an amended and restated non-employee director compensation policy (the "2015 Policy") in which all non-employee directors participate. The 2015 Policy has not been approved by shareholders at any time.

26.     Under the 2015 Policy, beginning in 2016 the compensation of each non-employee director consisted of (i) a $35,000 annual cash retainer, and (ii) an award of a stock option to purchase 12,000 shares of OvaScience common stock awarded under the Company's

---

[4]     *See* Frederic W. Cook & Co., Inc.'s 2016 Director Compensation Report.
[5]     The Russell Microcap Index is a U.S. equity index produced annually by Frank Russell Company trading as Russell Investments.
[6]     *See* National Association of Corporate Directors and Pearl Meyer & Partners, LLC's January 2017 webinar on director compensation.

2012 Stock Incentive Plan (the "2012 Plan") at an exercise price equal to the fair market value of the Company's common stock on the date of grant, which option vests monthly over one year. Additionally, non-employee directors acting as Chair of any Board committee are eligible for additional fees of up to $15,000 per director and other members of committees receive fees of up to $8,000 per committee. In addition, newly-elected non-employee directors will be awarded an initial grant of a stock option to purchase 8,650 shares of OvaScience common stock. Under the 2015 Policy, non-employee directors may elect to receive their annual fees for Board and committee service from January 1 to December 31 of a given year in either cash or fully vested shares of OvaScience common stock.

27.     Neither the 2015 Policy nor the 2012 Plan contain any director-specific limitations on director compensation.

28.     The fair value of the equity compensation awarded to the Non-Employee Director Defendants under the 2015 Policy (as well as the 2012 Plan and its 2011 predecessor), is computed in accordance with the Financial Accounting Standards Board *Accounting Standards Codification*® Topic 718 *Compensation — Stock Compensation*,[7] one of the Generally Accepted Accounting Principles ("GAAP"), and it is therefore properly subject to comparison to the equity compensation awards awarded to directors of other companies which also account for non-employee share-based payment under GAAP.

29.     OvaScience made the choice to use the Black-Scholes option pricing model to value its stock option awards each and every year.

30.     The Black-Scholes option pricing model is one of several models in use for the valuation of options, and is widely used by the Company's peers. Use of the Black-Scholes

---

[7]     This generally accepted accounting principle is commonly referred to as FASB ASC 718, ASC 718 or Topic 718 or a similar reference.

valuation methodology requires a company to make assumptions as to the expected dividend yield, price volatility of the company's common stock, the risk-free interest rate for a period that approximates the expected term of the stock options, and the expected term of the stock options.

31.     In OvaScience's 2017 Schedule 14A (the "Proxy Statement"), filed with the SEC on April 26, 2017, the Company notes that the value of option awards to directors was calculated as follows:

> The amounts in the "Option Awards" column reflect the aggregate grant date fair value of stock options granted during the year computed in accordance with the provisions of ASC 718. The assumptions that we used to calculate these amounts are discussed in Notes 2 and 8 to our financial statements included in our Annual Report on Form 10-K for the fiscal year ended December 31, 2016.

32.     In its Annual Report on Form 10-K for the fiscal year ended December 31, 2016, filed with the SEC on March 2, 2017, as it has done every year in the past, OvaScience describes its option valuation methodology as follows:

> Since our inception in April 2011, we have applied the fair value recognition provisions of FASB ASC Topic 718, Compensation—Stock Compensation, which we refer to as ASC 718. Determining the amount of stock-based compensation to be recorded requires us to develop estimates of the fair value of stock options as of their grant date. Stock-based compensation expense is recognized ratably over the requisite service period, which in most cases is the vesting period of the award. For awards with performance conditions, we estimate the likelihood of satisfaction of the performance criteria, which affects the awards expected to vest and the period over which the expense is recognized, and recognize the expense using the accelerated attribution model to the extent the condition is deemed probable. Calculating the fair value of stock-based awards requires that we make certain subjective assumptions, including estimating the expected term of the options issued and the estimated volatility of our stock price over the expected term. **We used the Black-Scholes option pricing model to value our stock option awards.** (Emphasis added).

33.     For example, in 2016, the assumptions made by OvaScience for the purpose of valuation were: a volatility of 78%-89%; a risk-free interest rate of 1.3%-2.0%; and an expected term of 5.3-9.9 years. In the year before, in 2015, the assumptions were: a volatility of 72%-

78%; a risk-free interest rate of 1.6%-2.3%; and an expected term of 5.3-9.9 years.

34.    On April 4, 2017, Plaintiff sent a demand (the "Demand") to the Board indicating, *inter alia*, that based on the Company's own valuation metrics (*i.e.*, Black-Scholes), its compensation policies, including option grants, placed OvaScience well beyond that of its peers. *See* Plaintiff's Demand attached hereto as Exhibit A.

35.    On April 25, 2017, the Board responded to the Demand in writing  (attached hereto as Exhibit B), wherein it rejected the Demand's valuation analysis stating, *inter alia*:

> the valuation metric used for SEC disclosure purposes (Black-Sholes) is not an appropriate metric for assessing adequacy and fairness of compensation awards to non-employee directors of biotechnology corporations. A key driver of the Black-Scholes model is volatility. Given the extreme volatility of biotechnology corporations in general, and OvaScience in particular in 2014-2015, a Black-Scholes analysis produces "valuations" that bear little or no relationship to the actual fairness and adequacy of the compensation awarded.

36.    The above statement directly and materially contradicts the Company's publicly-disclosed reliance on the Black-Scholes option pricing model as an appropriate metric for assessing the adequacy and fairness of its compensation awards among biotechnology companies. In fact, despite its newly-stated – albeit undisclosed -- position that Black-Scholes is inappropriate, the OvaScience has used Black-Scholes to value its stock option awards every year since its inception and every year it reported its requisite assumptions made, including concerning volatility, with no reference whatsoever at any time to the Black-Scholes analysis having produced results that bear little or no relationship to the actual fairness and adequacy of the compensation awarded.

37.    Taking the valuation of the Non-Employee Director Defendants' total annual compensation including the fair value of the equity awards contained therein as determined by the Company as true, the compensation that the Non-Employee Director Defendants have

awarded and will continue to award themselves greatly exceeds that of the Company's peers, which similarly use the Black-Scholes option pricing model and account for non-employee share-based payment under GAAP, standing at a level more than twice that which is appropriate.

38.     The Board's present level of compensation is and will be harmful to both the Company and its shareholders as it wastes valuable and limited corporate assets. Since OvaScience's IPO, the Company has accumulated more than $200 million in negative net income.

39.     Investment analysts expect the losses to continue. The consensus forecast amongst four investment analysts covering the Company polled by Thomson Reuters advises that the company will continue to report losses for the current and next fiscal years, in the amounts of $55 million in negative net income for the year ending December 31, 2017, and $44 million in negative net income for the year ending December 31, 2018.

40.     The Board's self-dealing compensation practice lacks any modicum of alignment with the long-term interests of the Company.

## DERIVATIVE AND DEMAND REFUSED ALLEGATIONS

41.     Plaintiff brings this action derivatively in the right of and for the benefit of OvaScience to redress injuries suffered, and to be suffered, by OvaScience as a direct result of the breaches of fiduciary duty by the Director Defendants.

42.     OvaScience is named as a Nominal Defendant in this case solely in a derivative capacity.  This is not a collusive action to confer jurisdiction on this Court that it would not otherwise have.  Plaintiff was a shareholder of OvaScience at the time of the transgressions of which he complains, and continues to be so.

43.     Plaintiff will adequately and fairly represent the interests of OvaScience and its

shareholders in prosecuting and enforcing their rights.  Prosecution of this action, independent of the current Board of Directors, is in the best interests of the Company.

44.    The wrongful acts complained of herein subject, and will continue to subject, OvaScience to continuing harm because the adverse consequences of the actions are still in effect and ongoing.

45.    OvaScience's current Board consists of the following seven individuals: Director Defendants Dipp, Aldrich, Capello, Fisher, Howe, Kozin,  and Sexton.

46.    On April 4, 2017, Plaintiff, through his attorneys, made the Demand. *See* Exhibit A.

47.    On behalf of OvaScience, the Demand requested that the Board take action, within 21 days, to reduce the amount of executive compensation received by the Director Defendants.

48.    On April 25, 2017, the Board, by and through its attorneys, responded in writing, denying the demand and concluding that "the Board has somehow 'wasted' corporate assets is legally and factually untenable." *See* Exhibit B.

49.    As of the date of this Verified Complaint, Plaintiff has received no further communication from the Company.

50.    The Board's wrongful refusal of the Demand is not unexpected. In fact, based on the within allegations, it is reasonable to conclude that each of the Director Defendants lack disinterest and independence and/or that the challenged compensation awards are not the product of a valid exercise of business judgment. Accordingly, even in the absence of the Demand, the effort can be deemed futile based upon, *inter alia*:

(a)    the Board ignored Demand;

    (b)      the Non-Employee Director Defendants stand on both sides of the challenged compensation awards having approved the compensation and being past and/or future beneficiaries of the challenged compensation;

    (c)      the Non-Employee Director Defendants received and/or stand to receive the challenged compensation, and thus derived and/or stand to derive substantial personal financial benefit from the transactions at issue; and

    (d)      each of the Non-Employee Director Defendants has wasted the Company's assets by accepting (or agreeing to accept) the improper compensation detailed herein as no disinterested director would take advantage of the opportunity to award compensation far beyond the Company's peers and in utter disregard of the Company's financial performance and market value.

51.    As the Director Defendants lack disinterest and, having the burden of proving the entire fairness of their compensation, there is more than a reasonable doubt that the Board could impartially consider a demand on themselves.

52.    Accordingly, even if the Demand was not already deemed refused, demand would have been excused in light of the Director Defendants' conflicts of interest, cause of waste, and manifest lack of independence.

## COUNT I
### Derivatively Against the Director Defendants
### for Breach of the Fiduciary Duty of Loyalty

53.    Plaintiff incorporates by reference and re-alleges each and every allegation above as though fully set forth herein.

54.    By reason of their fiduciary relationship with OvaScience, the Director Defendants owed and owe OvaScience the highest obligation of loyalty.

55.    In derogation of these duties, the Director Defendants have harmed the Company by awarded to the Non-Employee Director Defendants excessive and improper compensation at the Company's expense.

56.     As a result of their breaches, OvaScience has suffered and will suffer significant damages, as explained herein.

57.     Thus, the Director Defendants are liable to the Company.

58.     These breaches of fiduciary duty are not subject to exculpation.

59.     Plaintiff, on OvaScience's behalf, has no adequate remedy at law.

**COUNT II**
**Derivatively Against the Director Defendants**
**for Breach of Fiduciary Duty of Good Faith**

60.     Plaintiff incorporates by reference and re-alleges each and every allegation above as though fully set forth herein.

61.     By reason of their fiduciary relationship with OvaScience, the Director Defendants owed and owe OvaScience the highest obligation of good faith and fair dealing.

62.     In derogation of these duties, the Director Defendants have improperly and in bad faith refused to consider the Demand, and thus, by their wrongful acts and omissions, determined that no pursuit of the demanded actions has been or will be taken, in breach of their fiduciary duty of good faith owed to OvaScience.

63.     As a direct and proximate result of the Director Defendants' breaches of their fiduciary obligations, OvaScience has sustained, and will continue to sustain, significant damages, as alleged herein.

64.     The Director Defendants are liable to the Company for the misconduct alleged herein.

65.     These breaches of fiduciary duty are not subject to exculpation.

66.     Plaintiff, on OvaScience's behalf, has no adequate remedy at law.

**COUNT III**

**Derivatively Against the Director Defendants**
**for Waste of Corporate Assets**

67.     Plaintiff incorporates by reference and re-alleges each and every allegation above as though fully set forth herein.

68.     As a result of the Director Defendants' self-dealing, the Company has wasted and continues to waste its valuable assets by paying the Director Defendants excessive compensation.

69.     As a result of this waste of corporate assets, the Director Defendants are liable to the Company.

70.     Plaintiff, on OvaScience's behalf, has no adequate remedy at law.

**COUNT IV**
**Derivatively Against the Director Defendants**
**for Unjust Enrichment**

71.     Plaintiff incorporates by reference and re-alleges each and every allegation above as though fully set forth herein.

72.     By their wrongful acts and omissions, as alleged herein, the Non-Employee Director Defendants were unjustly enriched at the expense of, and to the detriment of, OvaScience.

73.     Plaintiff, as a shareholder and representative of OvaScience, seeks restitution from the Non-Employee Director Defendants, and each of them, and seeks an order from this Court requiring the Non-Employee Director Defendants to disgorge all profits, benefits, and other compensation obtained by these Defendants, and each of them, from their wrongful conduct and fiduciary breaches.

74.     Plaintiff, on OvaScience's behalf, has no adequate remedy at law.

<u>**COUNT V**</u>
<u>**Derivatively Against All Defendants for Violations of Section 14(a) of the Securities**</u>
<u>**Exchange Act of 1934 and SEC Rule 14a-9 Promulgated Thereunder**</u>

75.      Plaintiff incorporates by reference and re-alleges each and every allegation above as though fully set forth herein.

76.      Rule 14a-9, promulgated pursuant to Section 14(a) of the Securities Exchange Act of 1934, provides that no proxy statement shall contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  17 C.F.R. §240.14a-9.

77.      Here, OvaScience's Proxy Statements for 2015, 2016, and 2017 violated Section 14(a) and Rule 14a-9 by omitting material facts, specifically that "the valuation metric used for SEC disclosure purposes ("Black-Scholes") is not an appropriate metric for assessing the adequacy and fairness of compensation awards to non-employee directors of biotechnology corporations….Given the extreme volatility of biotechnology corporations in general, and OvaScience in particular in 2014-2015, a Black-Scholes analysis produces 'valuations' that bear little or no relationship to the actual fairness and adequacy of the compensation awarded."

78.      The omission of this material information rendered OvaScience's Proxy Statements for 2015, 2016, and 2017 false and misleading.

79.      Further, because OvaScience's Proxy Statements for 2015, 2016, and 2017 sought shareholder votes for, among other things, director nominations, the Proxy Statements failed to disclose that the Company's method for valuing the options awarded to non-employee directors was inappropriate.

80.     In the exercise of reasonable care, the Director Defendants should have known that the statements made in OvaScience's Proxy Statements for 2015, 2016, and 2017 were materially false and misleading and/or that they omitted material information.

81.     As a consequence of the foregoing, the Company was damaged as a result of the Director Defendants' material misrepresentations and omissions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

A.      Against all of the Director Defendants and in favor of the Company for the amount of damages sustained by the Company as a result of the Director Defendants' breaches of fiduciary duties, waste of corporate assets, and unjust enrichment;

B.      Directing OvaScience to take all necessary actions to reform and improve its corporate governance and internal procedures to comply with applicable laws and to protect OvaScience and its shareholders from a repeat of the damaging events described herein. In particular, the Board must take all necessary steps to bring its director compensation in line with that of the Company's peers using reasonable and accepted metrics as well as market and performance considerations and take into account an appropriate sample of companies for purposes of its own compensation and enumerate the Company's objectives and market conditions it incorporates into its compensation plan and then present the same such for changes to the shareholders for a vote;

C.      Extraordinary equitable and injunctive relief as permitted by law, equity, and state statutory provisions sued hereunder, including attaching, impounding, imposing a constructive trust on, or otherwise restricting the proceeds of defendants' trading activities or their other assets so as to assure that Plaintiff on behalf of OvaScience has an effective remedy;

D.      Awarding to OvaScience restitution from Non-Employee Director Defendants, and each of them, and ordering disgorgement of all profits, benefits, and other compensation obtained by the Director Defendants;

E.      Requiring OvaScience to issue a corrective disclosure to shareholders; disclosing that OvaScience relied upon an inappropriate option value calculation method in its  2015, 2016, and 2017 public filings;

F.      Awarding to Plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and

G.      Granting such other and further relief as the Court deems just and proper under the circumstances.

Dated:  June 30, 2017

**RIGRODSKY & LONG, P.A.**

 _/s/ Brian D. Long_____
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
2 Righter Parkway, Suite 120
Wilmington, DE 19803
(302) 295-5310

_Attorneys for Plaintiff_

**OF COUNSEL:**

**NEWMAN FERRARA LLP**
Jeffrey M. Norton
Roger A. Sachar Jr.
1250 Broadway, 27th Floor
New York, NY 10001
(212) 619-5400

**KRANENBURG**
Werner R. Kranenburg
80-83 Long Lane
London EC1A 9ET
United Kingdom
+44 20 3174 0365