## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| NICHOLAS W. FULTON, derivatively on behalf of OVASCIENCE, INC., | |
| Plaintiff, | Civil Action No: 1:17-cv-00869-RDM |
| vs. | |
| MICHELLE DIPP, RICHARD ALDRICH, JEFFREY D. CAPELLO, MARY FISHER, JOHN HOWE, III, MARC KOZIN, THOMAS MALLEY, and JOHN SEXTON, | **STIPULATION OF COMPROMISE AND SETTLEMENT** |
| Defendants, | |
| and, | |
| OVASCIENCE, INC., a Delaware corporation, | |
| Nominal Defendant. | |

## STIPULATION OF COMPROMISE AND SETTLEMENT

This Stipulation of Compromise and Settlement ("Stipulation"), dated May 23, 2018, is entered into among and between Plaintiff Nicholas W. Fulton ("Plaintiff" or "Mr. Fulton"), individually and derivatively on behalf of OvaScience, Inc. ("OvaScience" or the "Company"); individual defendants Michelle Dipp, Richard Aldrich, Jeffrey D. Capello, Mary Fisher, John Howe, III, Marc Kozin, Thomas Malley, and John Sexton (together, the "Individual Defendants"); and nominal defendant OvaScience, by and through their undersigned attorneys (Plaintiff, OvaScience, and the Individual Defendants together, the "Settling Parties").

This Stipulation is intended by the Settling Parties to fully, finally, and forever compromise, resolve, discharge, and settle all claims in the above-captioned action (the "Action") and dismiss the Action with prejudice, upon the terms set forth below and subject to the approval of the United States District Court for the District of Delaware pursuant to Fed. R. Civ. P. 23.1(c).[1]

## RECITALS

WHEREAS, on April 4, 2017, Jeffrey M. Norton of Newman Ferrara LLP, on behalf of Plaintiff sent a letter (the "Demand") to the Board of Directors (the "Board") of OvaScience concerning the Company's director compensation program;

WHEREAS, the Demand stated that OvaScience's current compensation plan, in which all non-employee directors participate (the "2015 Plan"), was never approved by OvaScience stockholders;

WHEREAS, the Demand asserted, among other things, that OvaScience's compensation policies and practices have caused non-employee directors to be compensated at an excessive level; that the Board's actions constitute a waste of corporate assets; that the compensation practices and policies constitute a breach of fiduciary duty; and that the compensation levels amount to unjust enrichment for

---

[1] All capitalized terms not otherwise defined are defined in Paragraph 1 herein.

the non-employee directors who agree to accept the excessive levels of compensation they granted themselves;

WHEREAS, the Demand sought, among other things, for the Board to take "all action necessary," including revising the awards of cash and equity, and imposing meaningful limitations on total compensation granted under the 2015 Plan, until a newly-revised director compensation policy may be proposed by the Company and reviewed, considered, and approved by OvaScience stockholders prior to its adoption;

WHEREAS, on April 25, 2017, OvaScience, through its counsel, responded to the Demand by letter (the "Demand Rejection") wherein the Company rejected the assertions contained in the Demand and declined to take any of the actions suggested by the Plaintiff;

WHEREAS, on June 30, 2017, Mr. Fulton commenced this Action in the United States District Court for the District of Delaware against the Individual Defendants and nominal defendant OvaScience (together, the "Defendants") by filing the Verified Shareholder Derivative Complaint alleging claims of breach of fiduciary duty, waste of corporate assets, unjust enrichment, and violation of Section 14(a) of the Securities Exchange Act of 1934 (the "Complaint").

WHEREAS, on September 19, 2017, Defendants filed a motion to transfer the Action to the United States District Court for the District of Massachusetts

pursuant to 28 U.S.C. § 1404(a) (the "Motion to Transfer"), on the grounds that a later-filed case was pending in the District of Massachusetts alleging an overlapping, substantially similar claim concerning compensation awarded to non-employee directors of OvaScience (the "Chiu Action");

WHEREAS, on September 26, 2017, the plaintiffs in the Chiu Action filed an amended complaint which removed all of their previous claims and allegations concerning the compensation awarded to non-employee directors of OvaScience;

WHEREAS, based on the absence of overlapping claims between the Action and the amended complaint in the Chiu Action, Defendants decided to withdraw their then-pending Motion to Transfer;

WHEREAS, in exchange for the Defendants' agreement to waive formal service of process, and in light of the Defendants' agreement to withdraw the Motion to Transfer, Plaintiff agreed, and the Court approved, that the Defendants would have until October 12, 2017, to respond to the Complaint in the Action;

WHEREAS, on October 12, 2017, Defendants filed their Motion to Dismiss the Verified Shareholder Derivative Complaint and Opening Brief in Support of the Defendants' Motion to Dismiss the Verified Shareholder Derivative Complaint, seeking dismissal of the Action pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(1), and 23.1, and said motion was fully briefed by December 8, 2017, and is currently pending before the Court;

WHEREAS, after briefing the Defendants' motion to dismiss, the Parties began discussing potential resolution of the Action and the allegations raised in the Complaint. As part of that effort, the Parties engaged in arm's-length negotiations concerning the Demand and the allegations asserted in the Complaint. In particular, the Parties' discussions focused on OvaScience's non-employee director compensation policies and practices, director-specific limits on overall compensation, corporate governance reforms, stockholder approval of a revised compensation policy, and the scope and substance of proxy discussions and disclosures related to a stockholder proposal and vote;

WHEREAS, following the aforementioned arm's-length negotiations, the Parties reached an agreement in principle providing for the settlement of all claims that were or could have been asserted by the Plaintiff, individually and on behalf of OvaScience, against the Defendants in the Action, on the terms and subject to the conditions set forth below in this Stipulation (the "Settlement");

WHEREAS, Defendants deny all of the assertions in the Demand and all allegations of wrongdoing in the Complaint, including Plaintiff's assertions that the Individual Defendants failed to perform their duties when awarding compensation to the non-employee directors;

WHEREAS, solely to avoid the costs, disruption, and distraction of litigation, and without admitting the validity of any assertions or allegations made

either in the Demand, the Complaint, or the Action, or any liability with respect thereto, Defendants have concluded that it is desirable that the Action be settled on the terms reflected in this Stipulation;

## TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff (on behalf of himself and derivatively on behalf of OvaScience) and Defendants, each by and through their respective counsel, subject to the approval of the Court pursuant to Fed. R. Civ. P. 23.1(c), that the Released Claims shall be and hereby are compromised, settled, discontinued, and dismissed with prejudice, as to all Parties, upon the terms and subject to the conditions set forth herein as follows:

### Definitions

1.      As used in this Stipulation, the following terms have the meanings specified below:

a)      "Court" means the United States District Court for the District of Delaware.

b)      "Effective Date" means the date by which all of the events and conditions specified in Paragraph 24 herein have been met and have occurred.

c)      "Final" means the expiration of all time to seek appeal or other review of the Judgment, or if any appeal or other review of such Judgment is filed

and not dismissed, after such Judgment is upheld on appeal in all material respects and is no longer subject to appeal, reargument, or review.  For the avoidance of doubt, a modification or reversal on appeal of any amount awarded pursuant to the Fee and Expense Application shall not constitute a material change.

d)     "Judgment" means the Order and Final Judgment entered by the Court dismissing this Action with prejudice, substantially in the form annexed hereto as Exhibit C.

e)     "Notice" means the Notice of Pendency of Settlement of Derivative Action, substantially in the form annexed hereto as Exhibit B.

f)     "Plaintiff's Counsel" means Newman Ferrara LLP, Rigrodsky & Long, P.A., and Kranenburg.

g)     "Released Claims" means and includes any and all claims for relief or causes of action, debts, demands, rights, liabilities, losses, and claims whatsoever, known or unknown, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, or known and Unknown Claims, that have been or could have been or in the future might be asserted by Plaintiff, or any other OvaScience stockholder, or any other person or entity acting or purporting to act on behalf of OvaScience, in the Action against the Released Persons, based on the facts, transactions, events, occurrences, acts, disclosures, statements, or omissions that were asserted in the Action or could have

been asserted based on the facts alleged in the Action against Defendants

pertaining to any past or current claims, known or unknown, relating to the director

compensation practices and policies alleged in the Complaint or any other claims

alleged in the Complaint; provided, however, that it is understood that "Released

Claims" and any release provided by this Settlement shall not include: (i) any

claims to enforce the Settlement or this Stipulation; and (ii) any claims by

Defendants or any other insured to enforce their rights under any contract or policy

of insurance.

h)      "Released Persons" means all of the Defendants and each of

their respective past or present subsidiaries, divisions, parents, affiliates, trustees,

successors, predecessors, administrators, representatives, officers, executives,

directors, agents, employees, attorneys, advisors, investment advisors, accountants,

consultants, insurers, and any person, firm, trust, corporation, officer, director or

other individual or entity in which any Defendant has a controlling interest.

i)      "Releasing Persons" means Plaintiff (both individually and

derivatively on behalf of OvaScience), any other current or former OvaScience

stockholder acting or purporting to act on behalf of OvaScience, and OvaScience.

"Releasing Person" means, individually, any of the Releasing Persons.

j)      "Settlement Hearing" means the hearing set by the Court to

consider final approval of the Settlement.

k)      "Settling Parties" or "Parties" means, collectively, Plaintiff (on behalf of himself and derivatively on behalf of OvaScience) and Defendants. "Settling Party" or "Party" means, individually, any of the Settling Parties.

l)      "Unknown Claims" means any Released Claim(s) which any of Plaintiff or Defendants do not know of or suspect to exist in his, her, or its favor as of the date of the execution of this Stipulation, including without limitation those which, if known, might have affected the decision to enter into the Settlement. With respect to any and all Released Claims, the Parties agree that upon the Effective Date, the Parties expressly and all Releasing Persons shall be deemed to have waived the provisions, rights, and benefits conferred by or under California Civil Code section 1542, or any other law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code section 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR**

The Parties acknowledge that they may hereafter discover facts in addition to or different from those now known or believed to be true by them, with respect to the subject matter of the Released Claims, but that it is the intention of the Parties to completely, fully, finally, and forever compromise, settle, release, discharge, and

extinguish any and all Released Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which do not exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. The Parties acknowledge that the foregoing waiver was separately bargained for and is a key element of this Stipulation of which this release is a part, and was relied upon by each and all of the Defendants in entering into this Settlement.

## Terms of the Settlement

2.     Subject to their fiduciary duties, the Board has considered or shall consider the adoption of, or revisions to, any compensation plans, programs, policies, or arrangements that address the Company's non-employee director compensation plan to the extent necessary to effectuate and implement the changes, including certain changes to corporate governance described herein ("Revised Policies and Practices"). If any of the Revised Policies and Practices listed herein conflict with any existing external law, rule, or regulation (including, without limitation, regulations or rules of any stock exchange on which OvaScience is listed), the Board shall not be required to implement or maintain any such Revised Policy and Practices. However, this shall not affect or eliminate the obligation to implement and/or maintain (as applicable) the remaining Revised Policies and Practices.

3.     The Board agrees that, at the Company's next annual stockholder meeting following the Effective Date (*i.e.*, the 2018 Annual Stockholder Meeting), the Company shall present a binding proposal to the Company's stockholders to approve a new director compensation plan (the "Proposal").

4.     The Proposal, which shall be approved and recommended by the Board, will establish a specified amount of overall compensation payable to existing and newly-appointed non-employee directors, as follows:

a)     each incumbent non-employee director's total annual compensation, including all cash (inclusive of fees awarded for board and committee service) and equity awards (based on grant-date fair value), will not exceed $300,000;

b)     each newly-appointed non-employee director's total annual compensation, including all cash (inclusive of fees awarded for board and committee service) and equity awards (based on grant-date fair value), will not exceed $600,000; and

c)     so long as annual changes to the cash and/or equity components of compensation remain within the overall limits, the Board shall have flexibility to alter specific amounts.

5.     The Proposal will also include adoption of a mandatory holding period for all new equity awards. As part of this policy, shares purchased upon

exercise of an initial equity grant or annual equity grant granted following the adoption by the Board and approval by the stockholders of this policy will be subject to a resale restriction ending on the earlier of such non-employee director's termination of service as a non-employee director and the seven-year anniversary of the date of grant of the option (the "Holding Period"); provided, however, that the Holding Period will not apply to: (i) any shares retained by the Company as a result of any net exercise of the options to cover the option exercise price, or (ii) any shares sold by the non-employee director to cover any taxes associated with the exercise of the option. The Company may also allow for exercise and holding of "after-tax" shares if desired. The mandatory stock-ownership policy shall be administered and monitored by OvaScience's principal financial officer under the direction of the Board's Compensation Committee.

6.     The Proposal will include a full description of the amended and/or revised compensation plan, disclosures explaining the process of formulating the amended and/or revised compensation plan, and will include a list of the Company's currently-identified peer group. Any adjustments made to the compensation program after 2018 will be based on a current peer group assessment and current best practices. The Proposal will also include a full description of the new option holding period and will include flexibility to alter the compensation plan after 2018 within the proposed limits identified in the Proposal.

7.     Finally, if the Proposal is approved by OvaScience's stockholders, the Board agrees that the limits on total annual non-employee director compensation of the amended and/or revised compensation plan, as well as the new equity grant holding requirements, will remain in effect for no less than three (3) years unless amended and approved by OvaScience stockholders.

8.     Further, in the course of carrying out the amended and/or revised compensation plan described in the Proposal and upon considering changes to the amended and/or revised compensation plan described in the Proposal in the future, OvaScience agrees to adopt and/or continue to abide by the following practices:

a)     in re-evaluating the compensation program, including the overall limits on Director compensation, the Board (or a committee thereof) shall assess and be guided by compensation paid to non-employee directors of peer group companies and current best practices;

b)     the Company will disclose additional compensation awarded to non-employee directors in the Company's filings with the U.S. Securities and Exchange Commission as required by applicable rules and regulations; and

c)     OvaScience stockholders will have the opportunity to vote on director compensation and options holding periods every three

(3) years or sooner in the event annual limits or options holding

periods need to change.

**<u>Notice and Approval of the Settlement</u>**

9.     Within five (5) business days of the execution of this Stipulation, the

Parties shall submit this Stipulation together with its exhibits to the Court, and

shall apply for entry of the proposed Scheduling Order with Respect to Notice and

Settlement Hearing (the "Scheduling Order"), substantially in the form of Exhibit

A attached hereto, requesting: (i) approval of the manner of notice to OvaScience

stockholders substantially in the form attached hereto as Exhibit B; (ii) the Court's

consideration of the proposed Settlement and Plaintiff's Fee and Expense

Application; and (iii) a date for the Settlement Hearing.

10.     Notice to OvaScience stockholders shall consist of the Notice of

Pendency of Settlement of Derivative Action (the "Notice"), substantially in the

form attached hereto as Exhibit B, and shall be provided to OvaScience

stockholders as follows:

     a)     Within ten (10) business days after the entry of the Scheduling

Order, OvaScience shall cause to mail the Notice to all record OvaScience

stockholders at their respective addresses currently set forth in OvaScience's stock

records. All record holders who were not also the beneficial owners of the shares

of OvaScience common stock held by them of record shall be requested to forward

the Notice to the beneficial owners of those shares. The Company shall use reasonable efforts to give notice to such beneficial owners by (i) making additional copies of the Notice available to any record holder who, prior to the Settlement Hearing, requests the same for distribution to beneficial owners, or (ii) mailing additional copies of the Notice to beneficial owners as reasonably requested by record holders who provide names and addresses for such beneficial holders; and

b)       Within ten (10) business days after the entry of the Scheduling Order, Plaintiff's Counsel (specifically Newman Ferrara LLP) shall post copies of the Notice and this Stipulation on its website.

11.     Ten (10) business days prior to the Settlement Hearing, counsel for Defendants shall serve on counsel for the Plaintiff and file with the Court an affidavit with respect to the preparation and mailing of the Notice, and Plaintiff's Counsel shall serve on counsel for Defendants and file with the Court an affidavit with respect to posting the Notice and Stipulation on the website of Plaintiff's Counsel.

12.     OvaScience, on behalf of Defendants, shall be responsible for all costs associated with mailing the Notice pursuant to Paragraph 10(a) herein.

13.     The Parties agree that the content and manner of notice provided for in this Stipulation constitutes adequate and reasonable notice to OvaScience stockholders pursuant to applicable law.

14.     Pending the Court's determination as to final approval of the Settlement, Plaintiff agrees to stay the Action and to refrain from initiating any other proceedings relating to the subject matter of the Action other than those proceedings related to the Settlement of this Action.

15.     The Parties will request the Court to order in the Scheduling Order that, pending final determination of whether the Settlement should be approved, Plaintiff and all OvaScience stockholders are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claim against Defendants or any of the Released Persons.

16.     The Parties and their attorneys agree to use their individual and collective best efforts to obtain Court approval of the Stipulation. The Parties and their attorneys further agree to use their individual and collective best efforts to effect, take, or cause to be taken all actions, and to do, or cause to be done, all things reasonably necessary, proper, or advisable under applicable laws, regulations, and agreements to consummate and make effective, as promptly as practicable, the Stipulation provided for hereunder and the dismissal of the Action.

### Attorneys' Fees and Expenses

17.     Plaintiff's Counsel may submit an application for an award of attorneys' fees and reimbursement of expenses and an incentive award for Plaintiff

(collectively, the "Fee and Expense Application"), and that the Court in the Action may retain jurisdiction for this purpose.

18.     Plaintiff agrees not to seek, and Defendants agree not to oppose, a Fee and Expense Application not exceeding three-hundred thousand dollars ($300,000), inclusive of any incentive award for Plaintiff.  Defendants will abide by any Court order resulting therefrom, subject to the right to obtain a refund of any amounts awarded if the Settlement is reversed or modified on appeal or by collateral attack.

19.     The Parties represent that their agreement as to the amount of fees and expenses for Plaintiff's Counsel, and the amount of any incentive award for Plaintiff, was the result of arm's-length negotiations that occurred wholly independent from and subsequent to the "Terms of the Settlement" reflected in this Stipulation. *See* Paragraphs 2-8, pp. 10-14, *supra*.

20.     Any failure of the Court to approve the Fee and Expense Application, in whole or in part, shall not affect the remainder of the Settlement, which shall remain binding on Plaintiff (both individually and derivatively on behalf of OvaScience).

21.     Except as ordered by the Court in any order resulting from the Fee and Expense Application, Defendants shall have no obligation to pay or reimburse any fees, expenses, costs, or damages alleged or incurred by Plaintiff, by

OvaScience stockholders, or by their attorneys, experts, advisors, agents, representatives, heirs, successors or assigns, or any person, firm, trust, corporation, officer, director or other individual or entity in which Plaintiff has a controlling interest with respect to the Released Claims or the Action.

### Releases

22. Upon the Effective Date, the Releasing Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice the Released Claims (including Unknown Claims) against the Released Persons; provided, however, that such release shall not affect any claims to enforce the terms of this Stipulation.

23. Upon the Effective Date, the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action against Plaintiff and Plaintiff's Counsel; provided, that such release shall not affect any claims to enforce the terms of this Stipulation.

### Conditions and Termination of the Settlement

24.     The Settlement shall be conditioned on the occurrence of all of the following events:

a)      Court approval of the Settlement following notice to OvaScience stockholders as provided for herein, and the Settlement Hearing;

b)      entry of the Judgment in the Action approving the proposed Settlement and providing for the dismissal with prejudice of the Action and approving the release of the Released Claims;

c)      the dismissal with prejudice of the Action; and

d)      the passing of the date upon which the Judgment becomes Final.

25.     If any of the conditions listed in Paragraph 24 herein are not met, this Stipulation shall be null and void and of no force and effect. In such case, the Settling Parties shall be restored to their respective positions on the date immediately prior to the execution date of this Stipulation, this Stipulation shall not be deemed to constitute an admission of fact by any Settling Party, and neither the existence of this Stipulation, nor its contents shall be admissible in evidence or be referred to for any purpose in the Action or in any litigation or judicial proceeding.

**Dismissal of the Action**

26.     If the Court approves the Stipulation, the Parties shall promptly

request the Court to enter the proposed Judgment, substantially in the form

annexed hereto as Exhibit C.

## No Admission

27.     This Stipulation reflects, among other things, the compromise and

settlement of disputed claims among the Parties hereto, and neither this Stipulation

nor the releases given herein, nor any consideration, nor any actions taken to carry

out this Stipulation are intended to be, nor may they be deemed or construed to be,

an admission or concession of liability (or lack thereof), or the validity of any

claim, or defense, or of any point of fact or law on the part of any Party hereto

regarding those facts that have been or might have been alleged in the Action or in

any other proceeding. Defendants and the Released Persons may file the

Stipulation and/or Judgment in any action that has been or may be brought against

them in order to support a claim or defense based on principles of res judicata,

collateral estoppel, release, good faith settlement, judgment bar or reduction, or

any other theory of claim preclusion or issue preclusion or similar defense or

counterclaim.

## Miscellaneous Provisions

28.     This Stipulation shall be governed by and construed in accordance

with the laws of the State of Delaware without regard to Delaware's principles

governing choice of law. The Parties agree that any dispute arising out of or relating in any way to this Stipulation shall not be litigated or otherwise pursued in any forum or venue other than the Court, notwithstanding any potential subsequent appeal, and the Parties expressly waive any right to demand a jury trial as to any such dispute.

29.    This Stipulation may be modified or amended only by a writing, signed by all of the signatories hereto, that refers specifically to this Stipulation.

30.    Plaintiff's Counsel represents that Plaintiff is a stockholder of the Company and has been a stockholder at all relevant times.

31.    This Stipulation may be executed in any number of counterparts and by each of the different Parties on several counterparts, each of which when so executed and delivered will be an original. The executed signature page(s) from each counterpart may be joined together and attached and will constitute one and the same instrument.

32.    This Stipulation embodies and represents the full agreement of the Parties and supersedes any and all prior agreements and understandings relating to the subject matter hereof between or among any of the Parties hereto.

33.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

34.    Notwithstanding the entry of the Judgment, the Court shall retain jurisdiction with respect to the implementation, enforcement, and interpretation of the terms of the Stipulation, and all Parties submit to the jurisdiction of the Court for purposes of implementing, enforcing, and interpreting this Stipulation.

IN WITNESS WHEREOF, it is hereby agreed by the undersigned as of the date noted above.

**RIGRODSKY & LONG, P.A.**

Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Tel: (302) 295-5310
sdr@rigrodskylong.com
bdl@rl-legal.com

*Admitted Pro Hac Vice:*

**NEWMAN FERRARA LLP**
Jeffrey M. Norton
1250 Broadway, 27th Floor
New York, NY 10001
Tel: (212) 619-5400
jnorton@nfllp.com

**KRANENBURG**
Werner R. Kranenburg
80-83 Long Lane
London EC1A 9ET
United Kingdom
+44 20 3174 0365
werner@kranenburgesq.com

*Attorneys for Plaintiff*

**HEYMAN ENERIO GATTUSO & HIRZEL LLP**

Patricia L. Enerio (#3728)
Aaron M. Nelson (#5941)
300 Delaware Avenue
Suite 200
Wilmington, Delaware 19801
Tel: (302) 472-7300
penerio@hegh.law
anelson@hegh.law

*Admitted Pro Hac Vice:*

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
John F. Sylvia
Matthew D. Levitt
Rebecca L. Zeidel
One Financial Center
Boston, Massachusetts 02111
Tel: (617) 542-6000
JFSylvia@mintz.com
MDLevitt@mintz.com
RLZeidel@mintz.com

*Attorneys for Defendants*

22