**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| NICHOLAS W. FULTON, derivatively on behalf of OVASCIENCE, INC., <br><br>      Plaintiff, <br><br> vs. <br><br><br> MICHELLE DIPP, RICHARD ALDRICH, JEFFREY D. CAPELLO, MARY FISHER, JOHN HOWE, III, MARC KOZIN, THOMAS MALLEY, and JOHN SEXTON, <br><br>      Defendants, <br><br> and, <br><br> OVASCIENCE, INC., a Delaware corporation, <br><br>      Nominal Defendant. | Civil Action No: 1:17-cv-00869-RDM |

<u>NOTICE OF PENDENCY OF SETTLEMENT OF DERIVATIVE ACTION</u>

**TO: ALL CURRENT STOCKHOLDERS OF OVASCIENCE, INC.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS LITIGATION.  IF THE COURT APPROVES THE PROPOSED SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE FAIRNESS, REASONABLENESS, AND ADEQUACY**

**OF THE PROPOSED SETTLEMENT, OR PURSUING THE CLAIMS DEFINED HEREIN.**

**THIS ACTION IS NOT A "CLASS ACTION."  THUS, THERE IS NO COMMON FUND UPON WHICH YOU CAN MAKE A CLAIM FOR MONETARY PAYMENT.  IF YOU DO NOT OBJECT TO THE TERMS OF THE PROPOSED SETTLEMENT OR THE AMOUNT OF ATTORNEYS' FEES AND EXPENSES DESCRIBED IN THIS NOTICE, YOU ARE NOT OBLIGATED TO TAKE ANY ACTION.  IF YOU HOLD OVASCIENCE, INC. STOCK FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER.**

**I.     WHY ARE YOU RECEIVING THIS NOTICE?**

The purpose of this Notice is to tell you about (i) a lawsuit (the "Action") in the United States District Court for the District of Delaware (the "Court") brought on behalf of OvaScience, Inc. ("OvaScience" or the "Company"); (ii) a proposal to settle the Action as provided in a Stipulation of Compromise and Settlement (the "Stipulation") that sets forth the terms and conditions of the proposed settlement of this Action ("Settlement"); and (iii) your right, among other things, to attend and participate in a hearing to be held on _____, 2018 at _____ a.m. / p.m., in the United States Courthouse, 235 N. Washington Avenue, Scranton, Pennsylvania 18503 (the "Settlement Hearing").

This Notice describes the rights you may have under the Stipulation and what steps you may, but are not required to, take concerning the proposed Settlement.  If the Court approves the Stipulation, the Parties will ask the Court to

approve an Order and Final Judgment that would dismiss the Action with prejudice

(the "Judgment").

## II.     BACKGROUND: WHAT IS THIS ACTION ABOUT?

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE COURT.  IT IS BASED ON STATEMENTS OF THE PARTIES AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY OF THE PARTIES.**

Plaintiff Nicholas Fulton is a current OvaScience stockholder.[1] On June 30,

2017, Plaintiff filed the Verified Shareholder Derivative Complaint in the United

States District Court for the District of Delaware against defendants Michelle

Dipp, Richard Aldrich, Jeffrey D. Capello, Mary Fisher, John Howe, III, Marc

Kozin, Thomas Malley, and John Sexton (the "Individual Defendants"), and

nominal defendant OvaScience (together, the "Defendants"; Plaintiff and

Defendants together, the "Parties") alleging claims of breach of fiduciary duty,

waste of corporate assets, unjust enrichment, and violation of Section 14(a) of the

Securities Exchange Act of 1934 (the "Complaint").

The Complaint alleges, among other things, that OvaScience's non-

employee director compensation policies and practices were never approved by

OvaScience shareholders and have caused members of OvaScience's Board of

Directors (the "Board") to be compensated at an excessive level. The Complaint

---

[1]    Plaintiff is represented by Newman Ferrara LLP, Kranenburg, and Cooch and Taylor, P.A. (collectively, "Plaintiff's Counsel").

further alleges that certain statements contained in the Company's Schedule 14A "proxy statements" filed with the Securities and Exchange Commission ("SEC") in 2015, 2016, and 2017 contained material misstatements concerning the options valuation metric used by the Company for SEC disclosure purposes. The Complaint also alleges that OvaScience's policies and practices regarding non-employee director compensation, which were in effect as of the filing of the Action, contain no meaningful limitations on the total amount of annual compensation an individual director can receive.

Defendants have denied and continue to deny that they have violated any law or breached any duty owed to Plaintiff, OvaScience, or OvaScience's stockholders, and maintain that their conduct was at all times proper and in compliance with applicable law and that they acted in good faith.

**THE COURT HAS NOT FINALLY DETERMINED THE MERITS OF PLAINTIFF'S CLAIMS OR THE DEFENSES THERETO.  THIS NOTICE DOES NOT IMPLY THAT THERE HAS BEEN OR WOULD BE ANY FINDING OF VIOLATION OF THE LAW OR THAT RECOVERY COULD BE HAD IF THE ACTION WAS NOT SETTLED.**

**III.    HOW WAS THE SETTLEMENT REACHED?**

On October 12, 2017, Defendants filed their Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(1), and 23.1.  Defendants' motion was fully briefed by the parties as of December 8, 2017. No decision has yet been entered by the Court on the motion and it remains pending before the

Court. Notwithstanding, following the completion of briefing the Defendants'
motion to dismiss, the Parties began arm's-length negotiations concerning the
allegations asserted in the Complaint. Ultimately, those negotiations resulted in the
Parties reaching an agreement in principle providing for the settlement of all
claims that were or could have been asserted by the Plaintiff, individually and on
behalf of OvaScience, against the Defendants in the Action, on the terms and
subject to the conditions set forth below in the Stipulation. The Stipulation was
later signed by counsel for all parties on May 23, 2018.

## IV.    WHAT ARE THE TERMS OF THE SETTLEMENT?

As a result of the filing, prosecution, and settlement of the Action,
OvaScience has agreed to undertake and/or adopt the Revised Policy and Practices
as described in the Stipulation and set forth herein:

A.    At the Company's next annual stockholder meeting following the
Effective Date (*i.e.*, the 2018 Annual Stockholder Meeting), the Company shall
present a binding proposal to the Company's stockholders to approve a new
director compensation plan (the "Proposal").

B.    The Proposal, which shall be approved and recommended by the
Board, will establish a specified amount of overall compensation payable to
existing and newly-appointed non-employee directors, as follows:

1.      each incumbent non-employee director's total annual compensation, including all cash (inclusive of fees awarded for board and committee service) and equity awards (based on grant-date fair value), will not exceed $300,000;

2.      each newly-appointed non-employee director's total annual compensation, including all cash (inclusive of fees awarded for board and committee service) and equity awards (based on grant-date fair value), will not exceed $600,000; and

3.      so long as annual changes to the cash and/or equity components of compensation remain within the overall limits, the Board shall have flexibility to alter specific amounts.

C.      The Proposal will also include adoption of a mandatory holding period for all new equity awards. As part of this policy, shares purchased upon exercise of an initial equity grant or annual equity grant granted following the adoption by the Board and approval by the stockholders of this policy will be subject to a resale restriction ending on the earlier of such non-employee director's termination of service as a non-employee director and the seven-year anniversary of the date of grant of the option (the "Holding Period"); provided, however, that the Holding Period will not apply to: (i) any shares retained by the Company as a result of any net exercise of the options to cover the option exercise price, or (ii)

6

any shares sold by the non-employee director to cover any taxes associated with the exercise of the option. The Company may also allow for exercise and holding of "after-tax" shares if desired. The mandatory stock-ownership policy shall be administered and monitored by OvaScience's principal financial officer under the direction of the Board's Compensation Committee.

D.     The Proposal will include a full description of the amended and/or revised compensation plan, disclosures explaining the process of formulating the amended and/or revised compensation plan, and will include a list of the Company's currently-identified peer group. Any adjustments made to the compensation program after 2018 will be based on a current peer group assessment and current best practices. The Proposal will also include a full description of the new option holding period and will include flexibility to alter the compensation plan after 2018 within the proposed limits identified in the Proposal.

E.     If the Proposal is approved by OvaScience's stockholders, the Board agrees that the limits on total annual non-employee director compensation of the amended and/or revised compensation plan, as well as the new equity grant holding requirements, will remain in effect for no less than three (3) years unless amended and approved by OvaScience stockholders.

F.     Further, in the course of carrying out the amended and/or revised compensation plan described in the Proposal and upon considering changes to the

amended and/or revised compensation plan described in the Proposal in the future, OvaScience agrees to adopt and/or continue to abide by the following practices:

1. in re-evaluating the compensation program, including the overall limits on Director compensation, the Board (or a committee thereof) shall assess and be guided by compensation paid to non-employee directors of peer group companies and current best practices;

2. the Company will disclose additional compensation awarded to non-employee directors in the Company's filings with the U.S. Securities and Exchange Commission as required by applicable rules and regulations; and

3. OvaScience stockholders will have the opportunity to vote on director compensation and options holding periods every three (3) years or sooner in the event annual limits or options holding periods need to change.

## V.    CORPORATE BENEFIT ONLY

Because the Action was brought for the benefit of OvaScience, any monetary benefit or recovery in the litigation (whether from this or any settlement or through a judgment in favor of the Plaintiff) would go to OvaScience. OvaScience stockholders will not receive any direct payment as a result of the

Stipulation and will not need to fill out any kind of claims form as a result of the Settlement.

## VI. COURT APPROVAL

The Settlement is contingent on receiving approval from the Court.

## VII. WHAT CLAIMS WILL THE SETTLEMENT RELEASE?

*Under the Stipulation, the following releases will occur upon the Effective Date, except as noted below*

The Releasing Persons (defined below) shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice the Released Claims (defined below) (including Unknown Claims, defined below) against the Released Persons (defined below); provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation.

The Released Persons (defined below) shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action against Plaintiff and Plaintiff's Counsel; provided, however, that such release shall not affect any claims to enforce the terms of this Stipulation.

The "Releasing Persons" means the Plaintiff (both individually and derivatively on behalf of OvaScience), any other current or former OvaScience stockholder acting or purporting to act on behalf of OvaScience, and OvaScience. "Releasing Person" means, individually, any of the Releasing Persons.

The "Released Persons" means all of the Defendants, including OvaScience, and each of their respective past or present subsidiaries, divisions, parents, affiliates, trustees, successors, predecessors, administrators, representatives, officers, executives, directors, agents, employees, attorneys, advisors, investment advisors, accountants, consultants, insurers, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest.

The "Released Claims" means and includes any and all claims for relief or causes of action, debts, demands, rights, liabilities, losses, and claims whatsoever, known or unknown, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, or known and Unknown Claims, that have been or could have been or in the future might be asserted by Plaintiff, or any other OvaScience stockholder, or any other person or entity acting or purporting to act on behalf of OvaScience, in the Action against the Released Persons, based on the facts, transactions, events, occurrences, acts, disclosures, statements, or omissions that were asserted in the Action or could have been

asserted based on the facts alleged in the Action against Defendants; provided, however, that it is understood that "Released Claims" and any release provided by this Settlement shall not include: (i) any claims to enforce the Settlement; and (ii) any claims by Defendants or any other insured to enforce their rights under any contract or policy of insurance.

## VIII.   WHAT ARE THE REASONS FOR SETTLING THE ACTION?

Plaintiff and Plaintiff's Counsel submit that the claims they assert in the Action on behalf of OvaScience have merit.  Nonetheless, Plaintiff and Plaintiff's Counsel understand that there is uncertainty, risk, cost, and burden inherent in any litigation, especially in complex cases such as this Action.  In addition, Plaintiff and Plaintiff's Counsel assert that the Settlement set forth in the Stipulation confers substantial benefits upon Plaintiff, OvaScience, and OvaScience's stockholders in light of the present circumstances.

Based on their evaluation, Plaintiff and Plaintiff's Counsel submit that the Settlement set forth in the Stipulation is in the best interests of Plaintiff, OvaScience, and OvaScience's stockholders, and that when compared with the uncertainty, risk, cost, and burden inherent in the continued litigation of this Action, it is in the best interests of Plaintiff, OvaScience, and OvaScience's stockholders to settle this Action on the terms set forth therein.  At the Settlement

Hearing, the Court will determine whether the Settlement should be approved as fair, reasonable, and adequate.

As will be set forth fully in Plaintiff's brief in support of the Settlement, the Settlement's benefits include: a Proposal for and the adoption of a stockholder-approved amended or revised director compensation plan that provides for an overall limit on total annual compensation, including all cash and equity awards, for both incumbent and newly-appointed members; a mandatory holding period for all new equity awards, fulsome proxy statement disclosures concerning the Proposal and the amended or revised compensation plan; a commitment to maintain a stockholder-approved compensation plan for a prescribed period of time; mandatory disclosures regarding any additional compensation arrangements; and various other proposed corporate governance reforms which Plaintiff and Plaintiff's Counsel submit will provide for a more substantial and meaningful annual review of non-employee director compensation.

Plaintiff and Plaintiff's Counsel assert that the terms of the Settlement, which directly address the claims in the Complaint and provide multiple benefits to OvaScience and its stockholders, strongly weigh in favor of acceptance of the Settlement – especially when compared to the uncertainty, risk, cost, and burden of further litigation.

The Parties have agreed that neither the Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor any document or exhibit referenced in or attached to the Stipulation, nor any action taken to carry out the obligations in the Stipulation or in connection with the Settlement, shall be construed or used as an admission by or against Plaintiff that this Action lacked merit when filed or that it currently lacks merit, in the Action, or in any other action or proceeding, whether civil, criminal, or administrative.

Defendants deny any and all allegations of wrongdoing, fault, liability, or damage whatsoever; deny that they engaged in, committed, or aided or abetted the commission of any breach of duty, wrongdoing, or violation of law; deny that Plaintiff or OvaScience suffered any damage whatsoever; deny that they acted improperly in any way; believe that they acted properly at all times; maintain that the Individual Defendants complied with their fiduciary duties; maintain that they have complied with federal and state laws; and maintain that they have committed no breach of duty or wrongdoing whatsoever.

Defendants entered into the Stipulation solely because they consider it desirable that the Action be settled and dismissed with prejudice in order to, among other things, eliminate the uncertainties, burden, and expense of further litigation and finally put to rest and terminate all of the claims which were or could have been asserted against the Parties in the Action.  Nothing in the Stipulation shall be

construed as any admission by Defendants of wrongdoing, fault, liability, or damages whatsoever.

## IX.   HOW WILL THE ATTORNEYS GET PAID?

Subject to the terms and conditions of the Stipulation and any Order of the Court, Plaintiff's Counsel may submit an application for an award of attorneys' fees and reimbursement expenses and an Incentive Award for Shareholder (collectively, the "Fee and Expense Application").  The Parties have agreed that Plaintiff's Counsel will not seek, and OvaScience will not oppose, a Fee and Expense Application exceeding three hundred thousand dollars ($300,000), inclusive of any Incentive Award for Shareholder. OvaScience will abide by any court order resulting therefrom, subject to the conditions of the Stipulation.  The Parties may negotiate as to the appropriate amount of fees and expenses for Plaintiff's Counsel and the amount of any Incentive Award for Shareholder, and acknowledge that any subsequent agreement as to such fees and expenses will be the result of arm's length negotiation that occur wholly independent from and subsequent to the settlement terms reflected in the Stipulation.

The Fee and Expense Award includes the fees and expenses incurred by Plaintiff's Counsel in connection with the prosecution and settlement of the Action. Plaintiff's Counsel will not seek fees or expenses or an Incentive Award for Plaintiff in excess of any agreed-to amounts, and Plaintiff's Counsel will not

seek attorneys' fees or expenses or any award for the Plaintiff in any other jurisdiction.

Except as otherwise provided herein, each of the Parties shall bear his, her, or its own fees and costs.

## X.  WHEN WILL THE SETTLEMENT HEARING TAKE PLACE?

The Court has scheduled a Settlement Hearing to be held on

_____, 2018 at _____ a.m. / p.m., in the United States

Courthouse, 235 N. Washington Avenue, Scranton, Pennsylvania 18503.

At the Settlement Hearing, the Court will consider (a) whether the Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable, and adequate and in the best interests of OvaScience and its current stockholders, and thus should be finally approved; (b) whether the fees and expenses sought by Plaintiff's Counsel should be approved; and (c) whether the Action should be dismissed with prejudice by entry of the Judgment pursuant to the Stipulation.  The Court will also hear and determine objections, if any, to the Settlement, the Fee and Expense Award sought by Plaintiff's Counsel, and the Incentive Award for the Plaintiff and rule on such other matters as the Court may deem appropriate.

The Court may adjourn the Settlement Hearing, including consideration of the Fee and Expense Award sought by Plaintiff's Counsel and the Incentive Award

for the Plaintiff, without further notice to anyone other than the Parties to the Action and any Objectors (as defined below).  The Court reserves the right to approve the Stipulation at or after the Settlement Hearing with such modifications as may be consented to by the Parties to the Stipulation and without further notice.

## XI.    DO I HAVE A RIGHT TO APPEAR AND OBJECT?

Any record or beneficial stockholder of OvaScience who objects to the Settlement, the proposed Judgment to be entered, the Fee and Expense Award, or the Incentive Award, or who otherwise wishes to be heard (an "Objector"), may appear in person or by his, her, or its attorney at the Settlement Hearing and present any evidence or argument that may be proper and relevant; *provided, however*, that no Objector shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon, unless he, she, or it has, no later than ten (10) calendar days before the Settlement Hearing (unless the Court in its discretion shall thereafter otherwise direct, upon application of such person and for good cause shown), filed with the Clerk of Court for the United States District Court for the District of Delaware, United States Courthouse, 844 N. King Street, Wilmington, Delaware 19801, and served (electronically through the Court's electronic filing system, by hand, or by overnight mail) on Plaintiff's Counsel and Defendants' Counsel, at the addresses below, the following: (i) proof of current ownership of OvaScience stock; (ii) a

written notice of the Objector's intention to appear, including identifying, if

represented, the Objector's counsel; (iii) a detailed statement of the objections to

any matter before the Court; and (iv) a detailed statement of all of the grounds

thereon and the reasons for the Objector's desire to appear and to be heard, as well

as all documents or writings which the Objector desires the Court to consider.  In

addition to the aforementioned Court address, the addresses to which such

information must be sent (electronically through the Court's electronic filing

system, by hand, or by overnight mail) are as follows:

Brian D. Long
RIGRODSKY & LONG, P.A.
2 Righter Parkway, Suite 120
Wilmington, DE 19803

Jeffrey M. Norton
NEWMAN FERRARA LLP
1250 Broadway, 27th Floor
New York, NY 10001

*Attorneys for Plaintiff ("Plaintiff's Counsel")*

-and-

Patricia L. Enerio
Aaron M. Nelson
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Avenue
Suite 200
Wilmington, DE 19801

John F. Sylvia
Matthew D. Levitt
Rebecca L. Zeidel

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111

*Attorneys for Defendants and*
*Nominal Defendant OvaScience, Inc. ("Defendants' Counsel")*

Any person or entity who fails to object in the manner prescribed above shall be deemed to have waived such objection (including the right to appeal), unless the Court, in its discretion, allows such objection to be heard at the Settlement Hearing, and shall forever be barred from raising such objection in the Action or any other action or proceeding or otherwise contesting the Settlement or the Fee and Expense Award or the Incentive Award, and will otherwise be bound by the Judgment to be entered and the releases to be given. You are not required to appear in person at the Settlement Hearing in order to have your timely and properly filed objection considered.

## XII.   HOW DO I GET ADDITIONAL INFORMATION ABOUT THE SETTLEMENT?

This Notice summarizes the Stipulation.  It is not a complete statement of the events of the Action or the Stipulation.  For additional information about the claims asserted in the Action and the terms of the Settlement, please refer to the documents filed with the Court and the Stipulation available on Plaintiff's Counsel's website at www.nfllp.com. You may examine the Court files during regular business hours of each business day at the office of the Clerk of Court for

18

the United States District Court for the District of Delaware, United States

Courthouse, 844 N. King Street, Wilmington, Delaware 19801. However, you

must appear in person to inspect these documents.  The Clerk's office will not mail

copies to you.  For more information concerning the Settlement, you may also

write, call, or email Plaintiff's Counsel at:  Newman Ferrara LLP, c/o Jeffrey M.

Norton, 1250 Broadway, 27th Fl., New York, New York 10001; Telephone: (212)

619-5400; or email jnorton@nfllp.com.

| NOTICE TO PERSONS OR ENTITIES HOLDING RECORD OWNERSHIP ON BEHALF OF OTHERS |
| :---: |

OvaScience, through its transfer agent, Computershare Trust Company,

N.A., working together with Broadridge Financial Solutions, Inc., will cause to

mail this Notice to all record OvaScience stockholders at their respective addresses

currently set forth in OvaScience's stock records. Brokerage firms, banks, and/or

other persons or entities who hold shares of the stock of OvaScience for the benefit

of others are hereby requested to promptly send this Notice to all of their

respective beneficial owners.  If additional copies of this Notice are needed for

forwarding to such beneficial owners, prior to the Settlement Hearing, any requests

for such copies may be made to:

Fulton Derivative Litigation
Shareholder Notice Program
c/o OvaScience, Inc.
9 4th Avenue
Waltham, MA 02451


***PLEASE DO NOT WRITE OR CALL THE COURT OR THE CLERK OF COURT FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE REGARDING THIS NOTICE.***

BY ORDER OF THE COURT

Dated: _____          _____
                                 United States District Judge