## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| NICHOLAS W. FULTON, derivatively on behalf of OVASCIENCE, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MICHELLE DIPP, RICHARD ALDRICH, JEFFREY D. CAPELLO, MARY FISHER, JOHN HOWE, III, MARC KOZIN, THOMAS MALLEY, and JOHN SEXTON,<br><br>Defendants,<br><br>and,<br><br>OVASCIENCE, INC., a Delaware corporation,<br><br>Nominal Defendant. | Civil Action No: 1:17-cv-00869-RDM |

## ORDER AND FINAL JUDGMENT

WHEREAS, a hearing was held before this Court on August 30, 2018, pursuant to this Court's Scheduling Order with Respect to Notice and Settlement Hearing, dated June 6, 2018 (the "Scheduling Order"), and upon a Stipulation of Compromise and Settlement dated June 4, 2018 (the "Stipulation"), setting forth the terms and conditions of a proposed settlement (the "Settlement") of the above-captioned action (the "Action"). The Parties appeared by their attorneys of record. The Court heard and considered the submissions and evidence presented in support of the Settlement, including the Fee and Expense Award. The opportunity to be heard was given to all other persons requesting to be heard in accordance with the Scheduling Order. The Court considered, among other matters, the benefits of the Settlement and the risks, complexity,

expense, and probable duration of further litigation. The terms of the Settlement, including the Fee and Expense Award, were heard and considered by the Court.

This Order and Final Judgment ("Judgment") incorporates the Stipulation by reference and, unless otherwise defined, all capitalized terms shall have the same meanings as set forth in the Stipulation.

IT IS ORDERED, this 30th day of August, 2018 that:

1. The Court finds the Settlement as set forth in the Stipulation is fair, reasonable, adequate, and in the best interests of OvaScience, Inc. ("OvaScience" or the "Company") and its stockholders.

2. This Court approves the Stipulation in all respects, and the Parties are directed to consummate the Settlement in accordance with the terms of the Stipulation. The Clerk of this Court is directed to enter and docket this Judgment.

3. The Notice of Pendency of Settlement of Derivative Action (the "Notice") has been given to all stockholders of the Company pursuant to and in the manner directed by the Scheduling Order, proof of mailing, and other dissemination of the Notice was filed with the Court, and full opportunity to be heard has been offered to all Parties, OvaScience stockholders, and persons in interest. The Court finds that the form and means of the Notice was the best notice practicable under the circumstances and was given in full compliance with the requirements of Rule 23.1 and due process of law, and that all stockholders of OvaScience are bound by this Judgment.

4. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Stipulation and this Judgment and over all Parties to the Action, including Plaintiff, current OvaScience Stockholders, and all Defendants (including Nominal Defendant OvaScience).

5. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. As between Plaintiff and Defendants, the Parties are to bear their own costs, except as otherwise provided in the Stipulation and in this Judgment.

6. Upon the Effective Date, the Releasing Persons shall be deemed to have, and by operation of this Judgment have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice the Released Claims against the Released Persons; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation.

7. Upon the Effective Date, Defendants shall be deemed to have, and by operation of this Judgment have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action against Plaintiff and Plaintiff's Counsel; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation.

8. Except as otherwise provided in the Stipulation, Plaintiff and all OvaScience stockholders are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claim against Defendants or any of the Released Persons.

9. Nothing in this Judgment shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

10. The Court hereby approves fees and expenses of $ 300,000.00 to Plaintiff's Counsel and finds that such fees and expenses are fair and reasonable.

11. The Court hereby approves of a case-contribution award for the Plaintiff in the amount of $ 2,000.⁰⁰ , to be paid from, and not in addition to, the Fee and Expense Award.

12. Neither the Stipulation, nor any of its terms or provisions, nor entry of this Judgment, nor any document or exhibit referred or attached to the Stipulation, nor any action taken to carry out the Stipulation: (a) is, may be construed as, or may be used as evidence of the validity of any of the Released Claims or an admission by or against Defendants of any fault, wrongdoing, or concession of liability whatsoever by any person in the Action, or any other actions or proceedings, whether civil, criminal, or administrative; or (b) shall be interpreted as an admission of liability or wrongdoing on the part of the Individual Defendants, nor an admission on the part of Plaintiff of any lack of merit of the claims asserted in the Action. Notwithstanding the foregoing, the Defendants and the Released Persons may file the Stipulation, or any judgment or order of the Court related hereto, in any action that has been or may be brought against them, in order to support a claim or defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, the Court retains jurisdiction with respect to the implementation, enforcement, and interpretation of the terms of the Stipulation, and all Parties submit to the jurisdiction of the Court for purposes of implementing, enforcing, and interpreting the Stipulation. Nothing herein dismisses or releases any claim by or against any party to the Stipulation arising out of a breach of the Stipulation or violation of this Judgment.

ROBERT D. MARIANI
United States District Judge